MONTANA ORE-PURCHASING CO. et al. v. BOSTON & M. C. C. & S. MIN. CO.

(Circuit Court of Appeals, Ninth Circuit. February 28, 1898.)

No. 374.

JURISDICTION OF FEDERAL COURT—FEDERAL QUESTION—MINING CLAIMS.
    Where a controversy between owners of adjoining mining claims as to the right of one to follow the vein outside of the vertical line of his claim clearly depends upon a question of fact under the statutes as finally construed by the supreme court, such controversy no longer presents a federal question.

Appeal from the Circuit Court of the United States for the Southern District of Montana.

John J. McHatton and Joel F. Vaile, for appellants.
John F. Forbis, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is an appeal from an interlocutory decree entered in the circuit court of the United States for the district of Montana on the 22d day of April, 1897, granting a preliminary injunction restraining the Montana Ore-Purchasing Company, a corporation organized under the laws of the state of Montana, and F. Augustus Heinze and Arthur P. Heinze, from mining or extracting any ores within the limits of that portion of the Pennsylvania lode claim lot No. 172, situated in Silver Bow county, in the state of Montana, described in the decree. The appellee is also a corporation organized under the laws of Montana. It is the owner of the Pennsylvania lode claim, and was the complainant in the court below. The jurisdiction of the circuit court is invoked upon the ground that the dispute is one arising under the laws of the United States. The allegations of the complaint upon which this jurisdiction is claimed are as follows:

"That as plaintiff is informed and believes, and therefore alleges, the said defendants claimed the right to enter upon the premises of this complainant, to wit, that portion of the Pennsylvania lode claim above described, by reason of the fact that certain veins owned or claimed by the defendants, or in their possession, have their tops or apexes within the ground owned or claimed as a portion of the Rarus lode claim, a portion of the Johnstown lode claim, or a portion of the Little Ida lode claim; and defendants assert the right to follow such veins on their downward courses or dips, although the same so far depart from a perpendicular as to depart from the ground owned or claimed by the defendants, and enter the premises owned and claimed by this complainant, to wit, that

portion of the Pennsylvania lode claim hereinbefore described. But complainant denies and disputes the fact that the said veins upon which the said defendants have mined within the lines of the Pennsylvania lode claim are such veins as can be followed on their dip beyond the lines of the defendants' possessions, and into the ground or premises of this plaintiff, but alleges the facts to be that the said veins are broken and intersected by faults in such a manner that the same cannot be traced or followed from the ground of the defendants into the said Pennsylvania lode claim, and that, therefore, the said defendants have no right to enter upon the ground of this plaintiff, to wit, the said Pennsylvania lode claim, for the purpose of extracting ores therefrom, by reason of their ownership of the apexes of any veins within their ground. And this complainant further shows unto the court that the veins upon which the defendants have been extracting ores within the premises of this complainant do not, in their course or strike, depart from the end lines of the defendants' claims or possessions, but that the same depart from the side lines of such claims in such a manner as to prohibit the said defendants from following the same beyond the side lines of their own possessions or claims into plaintiff's portion of said Pennsylvania lode claim. That there are several veins which the defendants claim the right to follow on their dips beyond the side lines, and into the ground of this complainant, the said Pennsylvania lode claim, but that neither of the said veins, in their courses or strikes, depart from the end lines of the said claims or possessions of the defendants, but complainant alleges that the ground claimed by the defendants was not so located or situated as to have any end lines whatever, as provided by the statutes of the United States in such cases, and that in consequence of such failure upon the part of the locator or locators of the ground or claims owned or claimed by the defendants to mark the same with end lines parallel, or to locate the same along the defendants' veins, but on the contrary having located the same across the said veins, the said defendants have no extralateral rights in or to any of the veins in their said ground, and are not entitled to follow the same into or upon the ground of this plaintiff, the said portion of the Pennsylvania lode claim. That, in consequence of the facts hereinbefore alleged, this complainant alleges and asserts that there are questions involving the construction of the statutes of the United States relative to the rights of the said defendants to follow their veins into the ground of this complainant, the said portion of the Pennsylvania lode claim, and that such questions are necessary to be determined in this action, as between this complainant and the said defendants, in determining the right of this plaintiff to recover in the said action."

Whether the appellants retained their right to the vein or lode in controversy after it entered the ground of the appellee is clearly a question of fact, to be determined by the strike or course of the vein. If the vein passed through the side lines of the Rarus or Johnstown lode claims, and into the ground of the appellee, on its course or strike, then the side lines of these claims, with respect to this particular vein, became end lines extending down vertically; and the vein, in its course under appellants' surface location, became the property of the latter. King v. Mining Co., 152 U. S. 222, 14 Sup. Ct. 510; Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 15 Sup. Ct. 733. But if, on the other hand, the vein passed through these side lines on its downward course or dip, the appellee had the right to follow the vein, although it so far departed from a perpendicular in its course downward as to extend outside the vertical side lines of appellants' surface location, and enter that of the appellee. Rev. St. § 2322. The law upon this subject has been clearly established by the cases cited, and such a controversy no longer presents a federal question. Kansas v. Bradley, 26 Fed. 290; Fost. Fed. Prac. p. 35. At the oral argument, and in the briefs that have been filed, a federal question has been suggested as arising out of the dispute as to the rights of the parties under the

Rarus and Johnstown patents; but, as this controversy does not appear in the complaint, it cannot be considered. The jurisdiction of the circuit court of the United States is limited, in the sense that it has no other jurisdiction than that conferred by the constitution and laws of the United States. The presumption is that a case is without its jurisdiction, unless the contrary affirmatively appears; and it is not sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings, but the averments should be positive. Hanford v. Davies, 163 U. S. 273, 279, 16 Sup. Ct. 1051. In Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, Mr. Justice Harlan, speaking for the court, said:

"Where the original jurisdiction of a circuit court of the United States is invoked upon the sole ground that the determination of the suit depends upon some question of a federal nature, it must appear at the outset, from the declaration or bill of the party suing, that the suit is of that character; in other words, it must appear, in that class of cases, that the suit was one of which the circuit court, at the time its jurisdiction is invoked, could properly take cognizance. If it does not so appear, then the court, upon demurrer or motion, or upon its own inspection of the pleadings, must dismiss the suit, just as it would remand to the state court a suit which the record, at the time of removal, failed to show was within the jurisdiction of the circuit court. It cannot retain it in order to see whether the defendant may not raise some question of a federal nature, upon which the right of recovery will finally depend; and, if so retained, the want of jurisdiction at the commencement of the suit is not cured by an answer or plea which may suggest a question of that kind."

See, also, Mining Co. v. Turck, 150 U. S. 138, 14 Sup. Ct. 35; Hanford v. Davies, supra.

The decree, granting a temporary injunction, will therefore be reversed. It will be for the court below to determine whether the complaint can be so amended as to present a cause within its jurisdiction.

ROSS, Circuit Judge (concurring). To bring this suit within the jurisdiction of the court below, it was essential for the bill to show by clear and unambiguous allegations that the suit involves a controversy that can only be determined by reference to the federal statute, and its proper application to the facts of the case. The averments of the bill do not meet this requirement, and therefore I concur in the judgment of reversal.