MONTANA ORE–PURCHASING CO. et al. v. BOSTON & M. CONSOL. COPPER & SILVER MIN. CO.

(Circuit Court of Appeals, Ninth Circuit. February 13, 1899.)

No. 449.

JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

To give a court of the United States jurisdiction of a cause, on the ground that it presents a federal question, such question must appear from plaintiff's statement of his own cause of action, and his right to the relief sought must depend directly upon the construction of some provision of the constitution or laws of the United States. Jurisdiction cannot be sustained upon allegations that defendant does or may assert some right under such constitution or laws as a defense.

Appeal from the Circuit Court of the United States for the Southern Division of the District of Montana.

John J. McHatton, Joel F. Vaile, and Clayberg & Corbett, for appellants.

Louis Marshall and John F. Forbis, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellee was the complainant in a bill in equity brought to restrain the appellants, the Montana Ore-Purchasing Company and Augustus Heinze and Arthur P. Heinze, from taking ores from certain mining properties. It was alleged in the bill that the complainant was the owner of the Pennsylvania lode claim, and that the defendants claimed the right to follow certain veins which had their apices in the claims lying northward of the complainant's claim; that the defendants claimed or owned a por-

tion of the Johnstown lode claim, and a portion of the Rarus lode claim, and a portion of the Little Ida lode claim, all of which claims lie north of, and partly adjoining, the Pennsylvania claim; that the Rarus, the Johnstown, and the Little Ida are mineral lode claims, located under the laws of the United States relative to the appropriation of mineral lands, and that said claims have been patented by the United States under the statutes relative to the patenting of mineral lands; that the defendants claim the right to enter upon the Pennsylvania lode claim, and mine the ores therein, by reason of the fact that certain veins owned by them have their tops or apices within a portion of their said claims so patented to them, and that they have the right to follow said veins on their downward course, so as to invade the Pennsylvania claim; that the complainant denies the fact that said veins, even if they had their apices on defendants' ground, are veins such as can be followed on their dip beyond the lines of the defendants' possessions; that the veins are broken and intersected by faults in such a manner that they cannot be traced or followed from the ground of the defendants into the Pennsylvania claim; that the veins upon which the defendants have been extracting ore within the premises of the complainant, if such veins have their apices on defendants' ground, do not, in their course or strike, depart from the end lines of the defendants' claim or possessions, but depart from the side lines thereof in such a manner as to prohibit the defendants from following the same beyond the said side lines into the ground of the complainant, and that none of said veins, in their course or strike, depart from the end lines of said claim or possessions of the defendants, but that the ground claimed by the defendants was so located as not to have any end lines whatever, as provided by the statutes of the United States, and that in consequence of the failure upon the part of the locators of the grounds claimed by the defendants to mark the same with end lines parallel or to locate the same along the veins, or otherwise than across the veins, the defendants have no extralateral rights in any of the veins on the ground; that the defendants claim to own a portion of the ground patented under both said Johnstown and Rarus patents, and they assert that, by virtue of the Rarus patent, they have acquired 1,318 linear feet of what is designated as the "Rarus Lode," but that the fact is that the surface ground patented in the Rarus lode claim does not include to exceed more than about 300 feet of said Rarus lode; that the defendants also claim that, by reason of the fact that said lode passes through the east end line of the Rarus claim as patented, and the west end line of the original location of said Rarus claim, they are entitled to follow said vein, on its course or dip into the earth, without the lines of the Rarus claim, as originally located and as patented; that a large portion of the ground which the defendants claim was originally included within the location of the Rarus claim has been patented under the Johnstown patent, and the defendants claim that only the surface ground of the Johnstown claim was patented to the patentee named therein, and that their extralateral rights on said vein should be determined by the Rarus patent, and not by the Johnstown patent, whereas the complainant

alleges that all veins whose apices lie within the Johnstown patent must be governed and regulated in extralateral rights under the Johnstown patent. The bill further alleged that the defendants' claim that they have the right to follow the veins within the lines of the original Rarus location by virtue of the Rarus patent, and that they have the right to follow any vein having its apex within the Johnstown or the Rarus patent into the Pennsylvania claim at any point east of the intersection of the south side line of the Johnstown patent with the south side line of the original Rarus location; that it is claimed by the defendants that the apex of the veins from which they have extracted the ores in question is divided; that a portion is claimed by the defendants as upon the Rarus claim, and a portion upon the Johnstown claim, and a portion upon the Pennsylvania claim, and that they have the right to follow the said vein beneath the surface, under and by virtue of either or all said claims, at their election; that there are involved in the matters in controversy numerous questions of the construction of the statutes of the United States relative to locating, purchasing, and patenting mineral lands, and the right of one claimant to follow the veins in the premises of another, under the circumstances and situation of the parties, and the construction of the statutes in relation to patenting mining claims, and the question whether a claim can be patented to one person of the surface, and to another the right to mine beneath the surface, and the right of the land department to segregate the surface from the mine in the ground, granting one to one person and the other to another, and also the question when an apex of a vein is divided upon the surface, part being within the premises granted in one patent and part within another, what, if any, extralateral rights are granted to either party. The defendants F. Augustus Heinze and Arthur P. Heinze answered, denying that they claimed any interest in any of the lode claims mentioned in the bill. The defendant the Montana Ore-Purchasing Company answered separately, denying that the questions arising in the case involve the construction of any of the statutes of the United States, and denying that by virtue of the Rarus patent it acquired 1,318 linear feet of the Rarus lode, or that it claims any title in this action, under the said patent, as against the complainant, and alleging that it relies solely upon its ownership of a portion of the Johnstown lode claim. It denied that it contends that the Rarus patent granted the surface ground to the full extent of 1,318 linear feet, or that it contends that by reason of the ownership of that lode for that length, or by reason of the fact that the same passes through the east end line of the original location of said claim, it is entitled to follow said veins on their course or dip without the lines of the Rarus claim. It alleged that in this action it makes no claim of any right under the Rarus patent to enter upon the veins within the ground claimed or owned by the complainant, but that it asserts the right to do so by reason of its ownership of a portion of the Johnstown lode, and the fact that the top or apices of the veins or lode in question are within said portion of the Johnstown lode claim. It denied that it contends in this action that only the surface ground of the Johnstown claim

was patented to the patentee therein, or that all or any veins lying within the original location lands of the Rarus claim were patented to the claimant thereof. It denied that it claims or contends that its extralateral rights should be determined by the Rarus patent, and not by the Johnstown patent, but alleged that it contends and claims in this action, and so far as this controversy between the defendant and complainant is concerned, that its extralateral rights to the veins in question should be determined by its ownership of that parcel of ground now included within the Johnstown claim, and not by the Rarus. It alleged that it relies, not upon any combination of the two patents in this action, but upon its ownership of the parcel of ground conveyed to it by the owners of the Johnstown claim. It denied that it claims that the apex of the veins from which the ores in question were extracted is divided, and denied that the apex is divided. It alleged that it claims that the vein or lode from which the ores in question have been extracted has its apex within the Johnstown lode claim, and passes through the end lines thereof. It denied that it claimed, by reason of a divided apex, any right to follow the vein beneath the surface, and without the lines of the Johnstown claim.

On the former appeal of this case, it was held that the circuit court was without jurisdiction thereof, for the reason that no federal question was suggested by the allegations of the bill. Montana Ore-Purchasing Co. v. Boston & M. C. C. & S. Min. Co., 29 C. C. A. 462, 85 Fed. 867. The jurisdiction is now again challenged upon the same ground. When the case was remanded, the bill was amended, and new averments were inserted, for the purpose of showing that the case presents questions of the construction of statutes of the United States. The cause of suit remains unchanged. It is the question of the complainant's right to enjoin the defendants from mining the ores beneath the surface of the complainant's claim. The complainant asserts that right upon the ground that no vein having its apex in the defendants' claim passes in its strike through the end lines thereof, so as to confer extralateral rights; and, further, that no such vein is continuous or unbroken in its downward course beneath the complainant's claim. These are plain questions of fact, involving, as we have heretofore decided, no construction of the laws of the United States. If the facts are as they are alleged to be in the bill, the inquiry will close with their proof, and the defendants will be enjoined. The new allegations of the amended bill are, in substance, that the defendants, as owners of the Rarus lode claim, to which a patent has been issued, claim to own 1,318 linear feet of the Rarus lode beneath the surface, although owning but 300 feet in length of the surface which covers that lode; that they claim extralateral rights upon the Rarus lode to the full extent of 1,318 linear feet; that they claim the right to follow the veins lying within the lines of the original Rarus location by virtue of the patent to the Johnstown lode claim, or by virtue of both the Johnstown and the Rarus patents, and to follow the same beneath the complainant's claim; that they contend that they cannot be enjoined from extracting ores from the complainant's premises unless the complainant

shall first show that the apices of the veins from which such ores are extracted are within the surface lines of the complainant's premises; that they claim that the apex of the vein from which the ores in controversy have been taken is divided, a part being on the Rarus and part on the Johnstown and a part upon the Pennsylvania; that, by reason of such division, they assert the right to follow the vein without the lines of the Rarus and Johnstown claims; that, in determining the rights of the defendants under those various contentions, it will become necessary to construe the mining laws of the United States. It will be observed that it is not in the statement of the complainant's own case, but in the defense which it anticipates from the defendants, that the presence of a federal question is suggested. The complainant's cause of suit is complete without these allegations. None of them is a necessary averment to the relief which is prayed for.

Upon the authority of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, the objection to the jurisdiction must be sustained. It is the distinct doctrine of the decision in that case that a court of the United States has no jurisdiction of a cause, upon the ground that a federal question is presented, unless the right of the plaintiff to the judgment or decree which he seeks depends directly upon the construction to be given to some provision of the constitution or a statute of the United States, and that, if in his bill or his declaration he asserts no right under such constitution or statutes, the jurisdiction cannot be sustained upon his allegation that the defendant will rely upon such rights. It was a case in which the state of Tennessee brought suit against a bank organized under the laws of that state to recover taxes which had been imposed on the bank by the general revenue act of the state. It was alleged in the bill that the bank claimed immunity from taxation solely upon the ground that the act imposing the tax was void, as violative of the provision of the constitution of the United States which prohibits a state from passing a law impairing the obligation of a contract. The court said:

"The only reference to the constitution or laws of the United States is the suggestion that the defendants will contend that the law of the state under which the plaintiff's claim is void, because in contravention of the constitution of the United States; and by the settled law of this court, as appears from the decisions above cited, a suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States does not make the suit one arising under that constitution or those laws."

We are unable to distinguish the principle which was decided in that case from the question which is involved in this. In that case it was alleged in the plaintiff's statement of its own case that its right to the relief sought was contested by the defendant under a claim of protection from the constitution of the United States. In the present case it is alleged that the relief which the plaintiff seeks will be opposed by the defendant upon the ground of the protection afforded it by a patent the construction of which involves the application of statutes of the United States. In City of Fergus Falls v. Fergus Falls Water Co., 19 C. C. A. 212, 72 Fed. 873, the circuit court

of appeals for the Eighth circuit, by Caldwell, Circuit Judge, following the doctrine of Tennessee v. Union & Planters' Bank, said:

"The averments of the complaint, beyond those which state a cause of action upon the contract in suit, are mere surplusage. When the statement of the plaintiff's cause of action in legal and logical form, such as is required by the rules of good pleading, does not disclose that the suit is one arising under the constitution or laws of the United States, then the suit is not one arising under that constitution or those laws, and the circuit court has no jurisdiction."

In that case it was alleged in the complaint as the ground of the jurisdiction that the defendant, a municipal corporation, by a resolution of its council, had declared null and void the contract which was sued upon, thereby impairing the obligation of the contract.

Not only are the jurisdictional averments of the amended bill insufficient to show that federal questions are involved, but all those averments were put in issue by the defendants' answer, and were thereby eliminated from the controversy. The defendant corporation denied that it relied upon any of the contentions which the bill so averred it would rely upon. In Robinson v. Anderson, 121 U. S. 522, 7 Sup. Ct. 1011, the court said:

"Even if the complaint, standing by itself, made out a case of jurisdiction,—which we do not decide,—it was taken away as soon as the answers were in; because, if there was jurisdiction at all, it was by reason of the averments in the complaint as to what the defenses against the title of the plaintiffs would be, and these were of no avail, as soon as the answers were filed and it was made to appear that no such defenses were relied upon."

It is objected that the denials of the answer do not fully and explicitly traverse the new averments of the amended bill, but that they are denials only that the defendant relies in "this action" upon the alleged rights and claims, and that the defendant disclaims only for the purpose of this present suit, without waiving its right to assert such claims in some other suit or proceeding hereafter. No exception, however, was taken to the answer for insufficiency. It was accepted as responding to the allegations of the amended bill. We think it was properly so accepted. If, in view of some possible other action affecting other interests, the defendant has attempted to reserve the privilege to assert other rights under the Rarus patent, it is immaterial to the present controversy. It is only to the rights asserted by the complainant in this suit that the defendant must make answer. It is required to make its defense to the allegations of the bill, and to show cause why the relief prayed for should not be decreed. It has answered as to its rights to extract the ores in question. It says that it claims nothing by virtue of the Rarus patent, but that it relies solely upon the fact that the ores it has taken belong to a vein which has its apex in the Johnstown lode claim, and in its strike passes through the end lines of said claim, and in its downward course extends beneath the surface of the complainant's claim. Upon such a bill and such an answer, all questions concerning the right of the defendant to mine the ores in controversy are determinable, and the decree, if against the defendant, would be as effective to bar it from hereafter asserting rights under the Rarus patent as would be a decree upon any other form of answer.

For want of jurisdiction, the decree of the circuit court must be reversed, and the cause remanded, with instructions to dismiss the amended bill.