PEOPLE OF STATE OF CALIFORNIA ex rel. BRADY v. BROWN'S VALLEY IRR. DIST. et al.

(Circuit Court, N. D. California. November 3, 1902.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—QUO WARRANTO PROCEEDING BY STATE.

An action in the nature of quo warranto to determine the right of an organization to exercise the functions and franchises of an irrigation district under the laws of California, in which the information of the attorney general recites the proceedings by virtue of which defendant claims to have been organized as an irrigation district, and charges that they were not in conformity to the laws of the state authorizing the organization of such districts, but were in violation of the same and of the constitution of the state, is not one arising under the constitution of the United States, and removable into a federal court on that ground, because it is also charged as a further ground of illegality that the acts of defendant were in violation of certain provisions of the federal constitution.

2. SAME.

Nor does an allegation in such information, in effect, that if the law of the state known as the "Wright Act," under which the defendant was professedly organized, authorized the proceedings taken, such act was void, as in violation of the provisions of the constitution of the United

---

¶ 1. Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

States, state a controversy with respect to a federal question, which gives a federal court jurisdiction, since such question is only contingently involved; and, moreover, the Wright Act has been adjudged constitutional by the supreme court of the United States, and its constitutionality is therefore no longer a federal question.

W. H. Chamberlain, for plaintiff.

Rosenbaum & Scheeline and W. H. Gregory, for defendants.

MORROW, Circuit Judge. This is an action brought by the attorney general of the state of California, on the relation of Arthur J. Brady, to obtain a decree declaring that the Brown's Valley irrigation district, unlawfully and without right, claims to be, and acts as, and usurps, intrudes into, and unlawfully exercises the functions and franchises of, a public corporation; that it be excluded and enjoined from exercising the corporate powers and franchises of a public corporation and an irrigation district; and that it be abated. The action was commenced in the superior court of the county of Yuba, in this state, and, upon the petition of the defendants, was removed to this court.

The petition alleges that the action involves a question arising under the constitution of the United States. This question is stated in the petition, as follows:

"It is claimed by plaintiff in said complaint, on page 8 thereof, commencing with line 5 and ending with line 13 thereof, that 'the said printed notice was for said reasons, in addition to other reasons herein alleged, insufficient, illegal, null, and void, and constituted no notice whatever, or any process of law, and the same and all of the proceedings subsequent thereto, based and formed thereon, which are herein alleged, were and are, and each and every one of them was and is, without jurisdiction and void, and in violation of section 13 of article 1 of the constitution of the state, and of article 5 of the amendments to the constitution of the United States'; and it is claimed by the plaintiff in said complaint, on page 51 thereof, commencing at line 13, 'that on account of facts herein alleged, and for reasons herein given, said Wright act, so far as the same relates to or affects said alleged Brown's Valley irrigation district, and at all times since the passage thereof, was and is in violation of the provisions of articles 5 and 14 of the amendments to the constitution of the United States'; and it is claimed by said plaintiffs that the organization of said Brown's Valley irrigation district was in violation of the provisions of articles 5 and 14 of the amendments to the constitution of the United States."

It is contended on the part of the defendants that it appears from this statement of the plaintiffs' claim that the case is one arising under the constitution of the United States. The allegations of the complaint do not, however, support this claim. The action is in the nature of a quo warranto proceeding to determine the right of the defendant Brown's Valley irrigation district to exercise the functions and franchises of a public corporation under a law of the state, and the charge in the complaint is that it—

"Does now, unlawfully and without right, claim to be, and is acting as, and is usurping, intruding into, and unlawfully exercising the functions and franchises of, a public corporation, to wit, an irrigation district, and is now claiming, and has claimed, during all of said time, unlawfully and without right, to be legally organized and existing as such irrigation district, under and by virtue of the provisions of an act of the legislature of the state of California, entitled 'An act to provide for the organization and government of irrigation

districts, and to provide for the acquisition of water and other property, and for the distribution of water thereby for irrigation purposes,' approved March 7, 1887, commonly known and hereinafter designated in this complaint as the 'Wright Act,' and under and by virtue of the several acts of the legislature amendatory thereof or supplementary thereto, but that said Brown's Valley irrigation district has never been, and is not now, legally, or at all, organized or existing in compliance or in accordance with the provisions of said Wright act, or organized or existing at all as such irrigation district."

The complaint then proceeds to recite the proceedings under which the defendant claims to have been organized as an irrigation district under said Wright act, namely, the signing of the petition by certain persons, praying for the organization of an irrigation district; the publication of the petition; the publication of the notice stating the time when said petition would be presented to the board of supervisors of Yuba county; the presentation of the petition to the board, accompanied by a bond conditioned for the payment of the costs of organization of the district, and also by an affidavit of publication of the petition and notice; the hearing of the petition by the board of supervisors; the exclusion of certain lands by the board; the order made by the board for the purpose of changing certain boundaries of the district, and to establish its boundaries, and to call an election for the purpose of determining whether or not such irrigation district should be organized; the publishing of a notice of such election; the holding of an election; the canvassing of the votes cast at such election; the declaration of the result thereof by the board of supervisors; the order of the board of supervisors declaring the territory duly organized as an irrigation district under the name of "Brown's Valley Irrigation District"; and the recording in the office of the county recorder of Yuba county of a certified copy of said order. These proceedings, it is alleged, were in pretended compliance with the provisions of the Wright act, but were in fact contrary to its requirements, and were unlawful and without right or authority of law whatever. In paragraph 8 of the complaint it is alleged that the pretended notice of the time at which the original petition for organization was to be presented to the board of supervisors was insufficient, constituting no notice whatever, nor any process of law, and therefore all proceedings subsequent thereto based thereon were without jurisdiction and void, and in violation of section 13 of article 1 of the constitution of the state, and of article 5 of the amendments to the constitution of the United States. In paragraph 13 of the complaint it is alleged that the action of the board of supervisors in organizing the said district and establishing the boundaries thereof were without jurisdiction and void, and in violation of the intent and provisions of the Constitution of the state and of the United States. And in paragraph 48 it is charged that on account of the facts before alleged, and for the reasons there given, the Wright act, so far as it relates to or affects the said Brown's Valley irrigation district, is in violation of articles 5 and 14 of the amendments to the constitution of the United States, and also various provisions of the state constitution. But it is also alleged that all these acts were contrary to the provisions of the Wright act.

The allegations of the complaint that the proceedings in organizing the district did not conform to the requirements of the Wright act, and were in violation of the provisions of the constitution of the state, do not, of course, state a federal question; and the further allegations that these proceedings were also in violation of the constitution of the United States do not show that the case is one arising under the constitution of the United States. On the contrary, it distinctly appears that the controversy arises under the constitution and laws of the state; but, probably for the purpose of showing that the proceedings in organizing the district were illegal and void, in whatever jurisdiction they may be brought into question, it is further alleged in the complaint that the proceedings were in violation of the constitution of the United States. This allegation is not sufficient to give this court jurisdiction of the case, as involving a federal question. The allegation that the Wright act, so far as it relates to or affects the defendant, is in violation of the constitution of the United States, also fails to state a federal question. The allegation, in any view, is altogether too general for that purpose. But aside from that objection, the facts alleged in the complaint are all clearly designed to show, not that the Wright act is unconstitutional, but that the proceedings in organizing the district were contrary to its provisions. It may be that the pleader intended to say that, even if the proceedings were held to be in conformity with the Wright act, the act itself was in violation of the constitution of the United States, and therefore for that reason the proceedings were illegal and void. But this form of an allegation does not state a controversy with respect to a federal question that gives this court jurisdiction of the case. Besides, the Wright act has been declared constitutional by the supreme court of this state in Irrigation Dist. v. Williams, 76 Cal. 360, 18 Pac. 379; Irrigation Dist. v. De Lappe, 79 Cal. 351, 21 Pac. 825; Board v. Tregea, 88 Cal. 334, 26 Pac. 237; In re Madera Irr. Dist., 92 Cal. 296, 28 Pac. 272, 675, 14 L. R. A. 755, 27 Am. St. Rep. 106; In re Central Irr. Dist., 117 Cal. 382, 49 Pac. 354. The act has also been held constitutional by this court in Herring v. Irrigation Dist., 95 Fed. 705, 715. It has also been held constitutional by the supreme court of the United States in Irrigation Dist. v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369, and Irrigation Dist. v. Shepherd, 185 U. S. 1, 22 Sup. Ct. 531, 46 L. Ed. 773. The constitutionality of the Wright act is therefore no longer a federal question. Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 29 C. C. A. 462, 85 Fed. 867.

It appearing from the complaint in this case that the suit does not really or substantially involve a dispute or controversy properly within the jurisdiction of the circuit court, the case is remanded to the court from which it was removed.