FILHIOL et al. v. TORNEY.

(Circuit Court, E. D. Arkansas, W. D. January 12, 1903.)

No. 5,224.

**1. FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION—PLEADING.**
An allegation in a complaint in ejectment that defendant is in possession of the property by direction of the United States, which is not required under the statute to state plaintiff's cause of action, is mere surplusage, and cannot give a federal court jurisdiction on the ground that the action is one arising under the constitution of the United States, by making it appear that defendant holds under a law which plaintiff claims to be unconstitutional.

Action in Ejectment. On demurrer for want of jurisdiction.

This is the third action in ejectment brought by the plaintiff in this cause to recover the premises in Hot Springs, Ark., known as the "Government Reservation," including the hot springs and the Army and Navy Hospital of the United States. The demurrers to the complaints in both of the former actions were sustained by the court. In the first case (Muse v. Hotel Co. [C. C.] 68 Fed. 637) the demurrer was to the merits of the case; but when removed to the supreme court by writ of error the cause was there dismissed for want of jurisdiction of that court, because there was no federal question involved (Muse v. Hotel Co., 168 U. S. 430, 18 Sup. Ct. 109, 42 L. Ed. 531). The second action was by the supreme court reversed, with directions to this court to dismiss it for want of jurisdiction (Filhiol v. Maurice, 185 U. S. 108, 22 Sup. Ct. 560, 46 L. Ed. 827); and thereupon this action was instituted. The complaint does not allege that there is a diversity of citizenship between plaintiffs and defendant, but relies for jurisdiction on the facts that the plaintiffs' rights arise under the treaty with France for the purchase of the Louisiana Territory, and under the fifth amendment to the constitution of the United States. The property involved in this action includes the Army and Navy Hospital of the United States, of which the defendant is in charge, under direction of the government. The defendant demurs to the jurisdiction of this court.

Dan W. Jones and W. S. McCain, for plaintiffs.
William G. Whipple, U. S. Atty., for defendant.

TRIEBER, District Judge (after stating the facts). The allegations in the complaint as to the rights of plaintiffs under the treaty with France are practically the same as were those in the former cases, and which the supreme court held were insufficient to confer jurisdiction on a national court, and in the last case directed a dismissal of the cause for want of jurisdiction. Filhiol v. Maurice, 185 U. S. 108, 22 Sup. Ct. 560, 46 L. Ed. 827. There can therefore be no jurisdiction on that ground.

Does the complaint show that the cause arose under the fifth amendment to the constitution, prohibiting the exercise of federal power to deprive any person of property without due process of law or to take private property for public use without just compensation? The complaint is an ordinary action of ejectment for the recovery of

¶ 1. Jurisdiction in cases involving federal questions, see note to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.

See Courts, vol. 13, Cent. Dig. § 841.

real estate in the state of Arkansas. The statutes of that state (Sand. & H. Dig.) regulating proceedings in ejectment are as follows:

"Sec. 2578. In all actions for the recovery of lands, except in actions of forcible entry and unlawful detainer, the plaintiff shall set forth in his complaint all deeds and other written evidences of title on which he relies for the maintenance of his suit, and shall file copies of the same as far as they can be obtained, as exhibits therewith, and shall state such facts as shall show a prima facie title in himself to the land in controversy, and the defendant in his answer shall plead in the same manner as above required from the plaintiff.

"Sec. 2579. The defendant in his answer shall set forth exceptions to any of said documentary evidence relied on by the plaintiff to which he may wish to object, which exceptions shall specifically note the objections taken, and the plaintiff shall in like manner, within three days after the filing of the answer, unless longer time is given by the court, file like exceptions to any documentary evidence exhibited by the defendant, and all such exceptions shall be passed on by the court, and shall be sustained or overruled, as the law may require; and if any exception is sustained to any such evidence the same shall not be used on the trial, unless the defect for which the exception is taken shall be covered by amendment.

"Sec. 2580. All objections to such evidences not specifically pointed out in the manner provided above shall be waived.

"Sec. 2581. To entitle the plaintiff to recover, it shall be sufficient for him to show that at the time of the commencement of the action, the defendant was in possession of the premises claimed, and that the plaintiff had title thereto, or had the right to the possession thereof."

Had plaintiffs followed this statute, merely setting up their evidences of title, the complaint would not show any jurisdiction; but in order to make such a showing they add that defendant is in possession by direction of the government, thus adding to the complaint something not required by the statute, but which might have been set up as a defense by defendant's answer. Plaintiffs' rights depend solely upon the strength of their own title, the grant from the Spanish crown, and the only object in setting up defendant's right or claim of right to possession is to inject a federal question into the case by intimating that the defendant will interpose as a defense an act violative of the national constitution. The jurisdiction of a national court cannot be invoked by anticipating a defense. In City of Fergus Falls v. Fergus Falls Water Co., 19 C. C. A. 212, 72 Fed. 873, this was attempted, but the court held it could not be done. Judge Caldwell, in delivering the opinion of the court, said:

"In equity pleadings the complainant is allowed to anticipate and avoid a defense, and this is called 'the charging part of the bill.' But at law the plaintiff is never expected to state matters which should come more properly from the other side. It is sufficient for each party to make out his own case. It is sufficient for the plaintiff to state his own cause of action, and he should not anticipate his adversary's defense, for the reason that the latter may never make the defense sought to be guarded against. * * * And it is equally well settled that the suggestion in a complaint in an action at law that the defendant may or will set up a defense based on a state statute repugnant to the constitution does not make the suit one arising under the constitution. The averments of the complaint, beyond those which state a cause of action, are mere surplusage. When the statement of the plaintiff's cause of action, in legal and logical form, such as is required by the rules of good pleading, does not disclose that the suit is one arising under the constitution or laws of the United States, then the suit is not one arising under that constitution or those laws, and the circuit court has no jurisdiction."

In Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, it was sought to invoke the jurisdiction of the national courts by a suggestion in the bill "that the defendants will contend that the law of the state under which the plaintiff claims is void, because in contravention of the constitution of the United States," but it was held that:

"By the settled law of this court, as appears from the decisions above cited, a suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States does not make the suit one arising under that constitution or those laws."

To the same effect see Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76; Sawyer v. Kochersperger, 170 U. S. 303, 18 Sup. Ct. 946, 42 L. Ed. 1046; Railway Co. v. Bell, 176 U. S. 321, 20 Sup. Ct. 399, 44 L. Ed. 486; Arkansas v. Kansas & T. Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 1, 5, 93 Fed. 274, 279.

Treating the allegations anticipating defendant's defense as surplusage, there is clearly no federal question involved, and the court is without jurisdiction.