STATE OF ARKANSAS v. CHOCTAW & M. R. CO. et al.

(Circuit Court, E. D. Arkansas, E. D.    January 13, 1905.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—WHAT CONSTITUTES.

To entitle a party to remove a cause from a state to a federal court upon the ground that a federal question is involved, it is necessary (1) that that fact appear from the plaintiff's statement of facts in the complaint; (2) that that allegation is real and substantial, and not without color or merit; (3) that it appear from the complaint that, in some aspect which the case may assume, a federal question may really be involved, and that it is set up in good faith; (4) that, if there is a doubt as to the right to remove, the doubt must be resolved against jurisdiction.

2. SAME.

When the proposition claimed to raise the federal question has been definitely determined by the Supreme Court of the United States, it ceases to be a federal question, within the meaning of the removal acts of Congress.

(Syllabus by the Court.)

In Equity.

The state of Arkansas, by its Attorney General, filed its bill in the chancery court of Pulaski county, state of Arkansas, praying for a decree that any lease or sale by the defendant Choctaw & Memphis Railroad Company of its railroad property and franchises to its codefendant the Choctaw, Oklahoma & Gulf Railroad Company, and any lease of said property by the Choctaw, Oklahoma & Gulf Railroad Company to the other defendant, Chicago, Rock Island & Pacific Railway Company, be declared void, canceled, and held for naught, and that by mandatory order of the court the Choctaw, Oklahoma & Gulf Railroad Company and its lessees or grantees be required to surrender into the possession and control of the Choctaw & Memphis Railroad Company the said road, property, and franchises, and the said Choctaw & Memphis Railroad Company be required to assume possession and control of, and enter upon the actual management and operation of, the said road, property, and franchises, and, in default thereof, that the franchises of the Choctaw & Memphis Railroad Company be vacated and declared forfeited, and for such other relief as complainant may be entitled to.

The defendants, after having entered their appearance in the state court, filed their petition and bond for removal to this court, upon the ground that, as shown by the bill of complaint, a federal question was involved. Complainant filed a motion to remand; denying that there is any federal question involved, within the meaning of the acts of Congress.

The material allegations of the bill, which it is claimed show that the relief demanded raises a federal question, are: That the defendant Choctaw, Oklahoma & Gulf Railroad Company is a corporation organized and existing under an act of Congress; that, in pursuance of section 3 of an act amending its original charter, approved March 28, 1900, c. 111, 31 Stat. 52, it claims to have made a purchase of all the property, rights and franchises of the Choctaw & Memphis Railroad Company. This provision of the supplemental act under which that company acted is as follows: "That it shall and may be lawful for the Choctaw, Oklahoma & Gulf Railroad Company to purchase the franchises, railroad and other property of, or consolidate with, any other railroad company incorporated under the laws of any state or territory of the United States whose lines may now or hereafter form a continuous line of railroad with it, either directly or by means of an intervening railroad, upon complying with the regulations and requirements of the laws of the state or territory in which such road is located applicable to such purchase or consolidation." That the Choctaw & Memphis Railroad Company is a corporation organized and existing under the general laws of the state of Arkansas for the incorporation of railroad companies, and among the powers conferred upon such railroad corporations organized under such general

laws are those contained in section 2, p. 43 of the act of the General Assembly of said state of March 13, 1889, which provides: "Any railroad company in this state existing under general or special laws may sell its road, property and franchises to any railroad company duly organized and existing under the laws of any other state or territory whose line of railroad shall so connect with the leased or purchased road by bridge, ferry or otherwise as to practically form a continuous line of railroad." That the Choctaw & Memphis Railroad Company had authority, under its articles of incorporation, to acquire, construct, operate, and own a line of railroad from a point in Crittenden county opposite Memphis, Tenn., westwardly to the Indian Territory border, at a point in Sebastian county. It is further charged that the Choctaw, Oklahoma & Gulf Railroad Company is now in the possession of and is operating the line of the Choctaw & Memphis Railroad Company under claim of ownership, and that the other defendant, the Chicago, Rock Island & Pacific Railway Company, is its lessee. It is then charged that any lease or sale of the road, property, and franchises by the defendant Choctaw & Memphis Railroad Company to the Choctaw, Oklahoma & Gulf Railroad Company is wholly unauthorized and void, for want of power of a railroad corporation existing under the laws of the state of Arkansas to sell or lease its property and franchises to a corporation existing under the laws of the United States.

G. W. Murphy, Atty. Gen., and James P. Clarke, for the state of Arkansas.

E. B. Peirce and John M. Moore, for defendants.

TRIEBER, District Judge (after stating the facts). To justify the assumption of jurisdiction by a federal court, either originally or on removal from a state court, upon the ground that a federal question is involved, the fact that the cause is one arising under the Constitution, laws, or treaties of the United States must appear from plaintiff's statement of facts in the complaint, and cannot be aided by the allegations in the petition or answer. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Arkansas v. K. & T. Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144; Filhiol v. Torney, 194 U. S. 356, 24 Sup. Ct. 698, 48 L. Ed. 1014; Fergus Falls Water Co. v. Fergus Falls, 72 Fed. 873, 19 C. C. A. 212, Joy v. St. Louis (C. C.) 122 Fed. 524; St. Louis, Iron Mountain & Southern Railway Co. v. Davis (C. C.) 132 Fed. 629. The mere fact that the bill alleges constitutional questions is not sufficient, if it plainly appears that such averment is not real and substantial, but is without color or merit. Arbuckle v. Blackburn, 191 U. S. 358, 24 Sup. Ct. 148, 48 L. Ed. 239; Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140; Underground Railroad v. City of New York, 193 U. S. 416, 24 Sup. Ct. 494, 48 L. Ed. 733; Newburyport Water Co. v. Newburyport, 193 U. S. 561, 24 Sup. Ct. 553, 48 L. Ed. 795.

If it appears from the bill that, in any aspect which the case may assume, it is shown that a federal question may really be involved, and that it is set up in good faith and not wholly destitute of merit, jurisdiction will attach. Illinois Central R. Co. v. Chicago, 176 U. S. 646, 20 Sup. Ct. 509, 44 L. Ed. 622; St. Paul, etc., Ry. Co. v. St. Paul & M. P. Ry. Co., 68 Fed. 2, 15 C. C. A. 167.

In determining these questions, the fact must not be lost sight of that the judiciary act of 1887 is intended to limit the jurisdiction

of the national courts, and that any doubt as to jurisdiction must be resolved against it.

Applying these well-settled principles to the case at bar, and some other well-settled rules of law hereafter referred to, the motion to remand is easily disposed of.

As to the first proposition, it clearly appears from the bill that the Choctaw, Oklahoma & Gulf Railroad Company, to whom the Choctaw & Memphis Railroad Company sold its property, is a federal corporation, having been created by an act of Congress, and that whatever authority it possesses is derived from those acts. That the removal sought to be made by the defendants was made in good faith, cannot be doubted; thus leaving the only question involved whether the federal question involved, viz., the construction of the powers vested in that company by section 3 of the supplemental act of Congress of March 28, 1900, c. 111, 31 Stat. 52, quoted in full in the statement of facts herein, is real and substantial, within the meaning of the law. The only question under that act involved in this case is whether the authority vested in that company not only authorized the Choctaw, Oklahoma & Gulf Railroad Company to acquire the road, property, and franchise of any connecting line organized under the laws of any state or territory by purchase, but also, by implication, authorized such connecting line to sell its property without such authority being granted to it by the laws of the state or territory under which it was organized and has its existence; and, if the latter, the power of Congress to so authorize a corporation created by a state.

Whatever difference of opinion may exist among the decisions of the various courts of the states on the proposition that the power to one corporation to purchase property of other corporations generally grants by implication the power to every other corporation to sell to such purchasing company, the decisions of the Supreme Court of the United States—the only court whose decisions are conclusive on all courts when the construction of an act of Congress is involved, and on this court on any proposition of general law— have uniformly held that, in order to support a proposed consolidation of two railroad corporations, the parties are bound to show not only that the purchasing company was authorized to buy, but that the selling company was also expressly vested with power to sell. Thomas v. Railroad Co., 101 U. S. 71, 25 L. Ed. 950; Oregon R. Co. v. Oregonian R. Co., 130 U. S. 1, 9 Sup. Ct. 409, 32 L. Ed. 837; Pennsylvania R. R. v. St. Louis, etc., R., 118 U. S. 290, 6 Sup. Ct. 1094, 30 L. Ed. 83; Central Transportation Co. v. Pullman Car Co., 139 U. S. 24, 11 Sup. Ct. 478, 35 L. Ed. 55; St. Louis R. Co. v. Terre Haute R. Co., 145 U. S. 393, 12 Sup. Ct. 953, 36 L. Ed. 748; Louisville & Nashville R. Co. v. Kentucky, 161 U. S. 677, 16 Sup. Ct. 714, 40 L. Ed. 849. If there are any decisions of the Supreme Court of the United States which hold otherwise, neither the diligence of learned counsel, nor that of the court, has been able to find them.

If, then, this question, so far as this court is concerned, is authoritatively settled, can the fact that originally it might have been

a very doubtful question be still said to be a federal question, within the meaning of the judiciary act? In State of Kansas v. Bradley (C. C.) 26 Fed. 289, this question came before Justice Brewer, then Circuit Judge of this circuit. The facts in that case were that the state had instituted a suit against the defendant, charging him with keeping a saloon in violation of law, and prayed an order declaring it a nuisance, and abating it and enjoining defendant from maintaining it. Upon the petition of the defendant the cause was removed to the federal court upon the ground that the proceedings instituted would deprive him of a right guarantied to him by the fourteenth amendment to the national Constitution. But the court, in remanding the cause, held:

"When a proposition has once been decided by the Supreme Court, it can no longer be said that in it there still remains a federal question. More correctly, it is said that there is no question, state or federal. This is the only fair starting point for consideration of a case like this."

This was since followed by the Circuit Court for the District of Montana in Bluebird Mining Co. v. Largey (C. C.) 49 Fed. 289, and the United States Circuit Court of Appeals for the Ninth Circuit, in Montana Ore Purchasing Co. v. Boston, etc., Mining Co., 85 Fed. 867, 29 C. C. A. 462, and also in Inez Mining Co. v. Kinney (C. C.) 46 Fed. 832, and People v. Brown's Valley Irrigation District (C. C.) 119 Fed. 535; Foster, Federal Practice, § 17.

Whether the laws of the state of Arkansas authorized the Choctaw & Memphis Railroad Company to make this sale depends solely upon the construction of the state law, and, of course, cannot raise a federal question.

For these reasons, the motion to remand must be sustained.