## COMMONWEALTH *vs.* WAYNE C. WHEELER.

Worcester.     October 1, 1894. — November 30, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Indictment — Insufficient Allegation — " In said County " — Motion to Quash.*

An indictment which begins with the words, " Commonwealth of Massachusetts, Worcester ss.," and then describes the defendant as of Buckland in the county of Franklin, and alleges the offence to have been committed " at Westminster, in said county," does not allege with sufficient certainty that the offence charged was committed within the county of Worcester, and a motion to quash the same should be granted.

INDICTMENT, charging a breaking and entering a railroad car by Wayne C. Wheeler of Buckland, and the larceny of goods therefrom.

In the Superior Court, before the jury was impanelled, the defendant filed a motion to quash the indictment on the ground that it did not appear from the allegations thereof that the offence set forth was committed, if at all, in the county of Worcester. *Lilley,* J. overruled the motion.

The jury returned a verdict of guilty; and the defendant alleged exceptions. The point in issue is sufficiently stated in the opinion.

*H. L. Parker, Jr.,* for the defendant.

*F. A. Gaskill,* District Attorney, for the Commonwealth.

LATHROP, J. " Every material fact " in an indictment " must be stated with time and place in order that the grand jury may appear to have jurisdiction to find the bill, and also that the petty jury may be drawn from the proper county to try the case." Per Lord Denman, C. J., in *Regina* v. *O'Connor,* 5 Q. B. 16, 31.

The defendant in the case at bar could not legally be convicted in the county of Worcester of the offence of which he was charged unless the indictment set forth that it was committed in that county. The indictment begins with the words, " Commonwealth of Massachusetts, Worcester ss." The defendant is described as of Buckland in the county of Franklin, and

the offence is alleged to have been committed "at Westminster, in said county." According to the authorities such an indictment is bad, either because, two counties having been before named, it is uncertain to which the words "in said county" refer, or because these words refer to the last antecedent, namely, the county of Franklin. 2 Hale, P. C. 180. 2 Hawk. P. C. c. 25, § 34. 2 Gabb. Crim. Law, 210. 1 Chit. Crim. Law, (2d ed.) 194. *Elnor's case,* 1 Cro. Eliz. 184. 1 Wms. Saund. 308, *n. Regina* v. *Rhodes,* 2 Ld. Raym. 886. *The King* v. *Moor Critchell,* 2 East, 66. *State* v. *McCracken,* 20 Mo. 411. *Cain* v. *State,* 18 Tex. 391. *Bell* v. *Commonwealth,* 8 Grat. 600.

It is contended, however, that a different rule applies in this Commonwealth, on the authority of Chief Justice Parsons in *Commonwealth* v. *Springfield,* 7 Mass. 9, 12, where he says: "In England the limits of the several counties and parishes are not ascertained by public acts of Parliament, the records of which are remaining; but they are determined by ancient usage, of which the judges cannot judicially take notice. The case is different in Massachusetts. Our county limits and also the boundaries of our several towns are prescribed by public stat-utes, of which we are bound judicially to take notice. When from these limits or boundaries it appears that every part of any town is in the same county, of that fact we can judicially take notice." The indictment in that case was for not repairing a highway, described as running from a certain point in the town of Springfield to the town of South Hadley. Both towns were described as being within the county of Hampshire. The defective part of the road was described as being within the town of Springfield. The objection taken was that the location of the defective part of the road in Springfield was insufficient, because the court could not judicially presume that the whole of that town was within the county. It was of this fact that the court said that it could take judicial notice.

In *Commonwealth* v. *Cummings,* 6 Gray, 487, a complaint described the defendant as "of New Braintree in the county of Worcester," and charged the offence to have been committed "at New Braintree." This was held to charge the offence to have been committed at the same New Braintree which was before mentioned. But it was said by Mr. Justice Metcalf, in

delivering the opinion of the court, " If New Braintree had not been previously designated as within the county of Worcester, the complaint would have been insufficient to sustain a judgment."

In *Commonwealth* v. *Barnard*, 6 Gray, 488, a complaint to a justice of the peace within and for the county of Worcester charged the defendant, who was described as of Greenwich in the county of Hampshire, with selling intoxicating liquor " at West Brookfield." After conviction the defendant filed a motion in arrest of judgment, and was discharged. The opinion of the court, delivered by Mr. Justice Metcalf, was as follows : " It does not appear in this complaint that West Brookfield, the place where the defendant is charged with having sold intoxicating liquor, is either a town, or a place, within the county of Worcester. It therefore does not appear that any magistrate in this county, or any. court held in this county, has jurisdiction of the offence set forth in the complaint. Hence the cases of *Commonwealth* v. *Springfield*, 7 Mass. 9, and *Commonwealh* v. *Cummings*, *ante*, 487, are quite distinguishable from this."

If the contention of the government in the case at bar is correct, then *Commonwealth* v. *Barnard* was wrongly decided, for the court judicially knew that there was a town named West Brookfield within the county of Worcester. So, here, while the court knows that there is a town named Westminster in the county of Worcester, there is no allegation that the offence was committed at the town of Westminster, but simply at Westminster, which is not alleged to be a town or a place within the county of Worcester.

In *People* v. *Breese*, 7 Cowen, 429, the offence was alleged to have been committed at the town of Frankfort, which distinguishes that case from the present.

The case of *Reeves* v. *State*, 20 Ala. 33, cited by the government, is clearly distinguishable. There the indictment was entitled in the margin, " The State of Alabama, Butler County." In the body of the indictment it was recited that " the grand jurors of the county of Buter upon their oaths present," etc. The name of the county was not again repeated, nor was any other county named. The offence was charged to have been committed " in the county aforesaid." This was held not to be

defective, on the ground that the court was bound to know the names of all the counties in the State, and, there being no such county as Buter, the words " in the county aforesaid" must refer to the county stated in the margin. Chief Justice Dargan, in delivering the opinion of the court, said : " I admit that if any county in the State besides Butler had been named in the indictment, and in a part of the indictment subsequent to the margin, then the words ' in the county aforesaid,' might not have shown, with sufficient certainty, in what county the offence was committed."

In the case at bar we are of opinion that the indictment does not allege with sufficient certainty that the offence charged was committed at a place within the county of Worcester, and that the motion to quash should have been granted.

*Exceptions sustained.*