SHIELDS. County Treasurer, v. BOARDMAN (three cases).

(Circuit Court, N. D. Ohio, E. D. December 7, 1899.)

Nos. 5,189–5,191.

REMOVAL OF CAUSES—·FEDERAL QUESTION.

To bring a case within the jurisdiction of a circuit court of the United States, under the judiciary acts of 1887 and 1888, on the ground that it arises under the constitution or laws of the United States, the plaintiff must claim some right under such constitution or laws which he seeks to enforce in the action; and a petition in a state court based upon a state statute, although its sufficiency is challenged by defendant by demurrer, without any additional averments in defense, upon a ground found in the federal constitution, does not disclose a case arising under such constitution which is removable by defendant.[1]

On Motion to Remand to the State Court.

P. H. Kaiser, F. L. Taft, and F. S. Monnett, for plaintiff.
W. W. Boynton and N. T. Horr, for defendant.

TAFT, Circuit Judge. These cases now come before the court on motions to remand. The suits were originally brought in the court of common pleas of Cuyahoga county to recover back taxes assessed against the defendants, under sections 2782 and 2781 of the Revised Statutes of Ohio. The plaintiff specifically bases his right to recover on those sections. The petition for removal states that those sections are void because in conflict with the fourteenth amendment to the constitution of the United States, in that they permit the taking of property without due process of law. The question is whether a defendant may remove a cause from the state court to the circuit court of the United States, in which the plaintiff's petition claims no right under the constitution or laws of the United States, but makes a case, on its face, the legal sufficiency of which the defendant, without any additional averments in defense, challenges because of the inhibition of the federal constitution.

It is argued that the question under the constitution of the United States must, in such a case, arise on the face of the petition, and the petition alone, and therefore that the case, begun by such a petition, arises under the constitution of the United States, within the acts of 1887 and 1888, conferring jurisdiction on this court. The point presented is covered entirely by the decision in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511. That was the decision in three cases. Two of them were bills in equity to collect taxes and enforce liens, filed originally in the circuit court of the United States; and a third was a bill to collect taxes, filed in the state court, and removed to the federal court on the ground that the case arose under the constitution of the United States. In the first and second cases the state officers averred that the defendant banks claimed a tax exemption under their charter,

[1] For jurisdiction of federal courts in cases involving federal questions, see note to Bailey v. Mosher, 11 C. C. A. 308, and, supplementary thereto, note to Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

the provisions of which were set out, and that the general tax law under which the bill was filed was an impairment of their contract rights, in violation of the federal constitution. In the second case the bill was demurred to, and the bill was dismissed by the circuit court because the general tax law was in violation of the federal constitution. The supreme court held that the circuit court had jurisdiction of neither of the three cases, because the plaintiff, in the statement of his own claim, did not make it a suit arising under the constitution of the United States, and that this rule, under the jurisdiction acts of 1887 and 1888, applied as well in original suits in the circuit court as in suits attempted to be removed, although a different view had been taken of the removal section of the act of 1875. Now, therefore, a case which cannot be originally brought in the circuit court, under this general branch of its jurisdiction, cannot be removed if begun in the state court. The Union & Planters' Bank Case holds expressly that a petition, though demurrable for a reason found in the federal constitution, does not state a case arising under the constitution of the United States, within the meaning of the jurisdiction acts, unless it appears in plaintiff's own statement of his claim. It would seem that the plaintiff must claim a right under the federal constitution or laws, and seek to vindicate it in the action brought, before it becomes subject to the federal circuit court jurisdiction. As Justice Gray says in the case referred to:

"In the third bill no mention is made of the constitution or laws of the United States, or of any right claimed under either; and no statement in the petition for removal, or in the demurrer, of the defendant corporation, can supply that want, under the existing act of congress."

The cases must be remanded, at the costs of the defendants, to the common pleas court, whence they were removed.