ROGERS, District Judge.
This cause is heard on removal from the district court of Sedgwick county, Kan., and the motion is to remand to that court for want of jurisdiction. Jurisdiction is asserted on the sole ground that the cause is one arising under the Constitution of the United States; in other words, that a federal question is involved. In the case of Arkansas v. Kansas & Texas Coal Co. and San Francisco Railroad Co., reported in 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144, the Supreme Court said (page 188, 183 U. S., and page 48, 22 Sup. Ct., 46 L. Ed. 144):
“The general policy of the act of March 3, 1887, as corrected by Act Aug. 13, 1888 (24 Stat. 552, c. 373; 25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 508]), as is apparent on its face, and as has been repeatedly recognized by this court, was to contract the jurisdiction of the Circuit Courts. Those cases, and those only, were made removable under section 2 [U. S. Comp. St. 1901, p. 509], in respect of which original jurisdiction was given to the Circuit Courts by section 1. Hence it has been settled that a case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the" United States, unless that appears by plaintiff’s statement of his own claim; and, if it does not so appear, the want of it cannot be supplied by any statement of the petition for removal or in the subsequent pleadings. And, moreover, that jurisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States, or • under statutes of the United States or of a state in conflict with the Constitution. Tennessee v. Union and Planters’ Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76; Sawyer v. Kockersperger, 170 U. S. 303, 18 Sup. Ct. 946, 42 L. Ed. 1046; Florida Central & Peninsula Railroad v. Bell, 176 U. S. 321, 20 Sup. Ct. 399, 44 L. Ed. 486.
“In this case, the state asserted no right under the Constitution or laws of the United States, and put forward no ground for relief derived from either. There were no averments on which the state couíd haVe invoked *101 the original jurisdiction of the Circuit Court under section 1 of the act, and that is the test of the right of removal under section 2.”
A careful reading of the bill in this case discloses no assertion of the right to recover based upon any law or the Constitution of the United States, and sets forth no ground of relief derived from either. There are no averments in the bill on which the city of Wichita could have invoked the original jurisdiction of the Circuit Court. I do not think, therefore, there is any room for doubt that it is the duty of this court to remand this cause to the state court; at all events, it is so doubtful that it should be remanded, on the authority of the case of Fitzgerald v. Missouri Pacific Railway Co. (C. C.) 45 Fed. 813. Caldwell, J., quoted favorably this language used by Judge Love in Kessinger v. Vannatta (C. C.) 27 Fed. 890:
' “It is the constant practice of this court to remand causes brought here from the state courts in cases of doubtful jurisdiction. The reason of this practice is obvious and conclusive. In the first place, the jurisdiction of the state court is unquestionable. It is, at least, concurrent with this court. But the jurisdiction of this court depends upon special facts, and it is in the present ease, to say the least, doubtful. It is the safer and wiser course to send a cause for trial to a court of unquestionable jurisdiction rather than retain it here, and go through all the forms of trial, when the jurisdiction is doubtful.”
The order will be that this cause be remanded to the district court of Sedgwick county, from which it was removed, at the costs of the defendants.