COMMONWEALTH OF KENTUCKY v. CHICAGO, I. & L. RY. CO.

(Circuit Court, E. D. Kentucky.  May 9, 1903.)

**1.** REMOVAL OF CAUSES—FEDERAL QUESTION—ACTION BASED ON STATE STATUTE.
  An action by a state to enforce collection of a tax imposed by a state statute is not one of which a Circuit Court of the United States would have original jurisdiction under section 1 of the judiciary acts of 1887 and 1888 (Acts March 3, 1887, c. 373, 24 Stat. 552, and Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]) either as being between citizens of different states or as arising under the Constitution or laws of the United States, and is therefore not removable by defendant under section 2 (24 Stat. 552, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]), although the petition may be demurrable for a reason found in the federal Constitution.

On Demurrer to Petition and Motion to Remand to State Court.

Hazelrigg & Chenault, for the Commonwealth.

G. W. Kretzinger, L. L. Smith, and Pirtle, Trabue & Cox, for defendant.

COCHRAN, District Judge.  This is an action begun in the circuit court of Franklin county, in this state, to recover a tax of $2,500, alleged to have become due July 1, 1902, and a 10 per cent. penalty thereon for nonpayment thereof, and removed here by the defendant, upon proceedings had in pursuance to the jurisdictional acts of 1887 (24 Stat. 552, c. 373) and 1888 (25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 509]).  The tax sought to be recovered was imposed by section 60, art. 10, of the revenue act approved March 29, 1902 (Acts 1902, p. 366, c. 128), which is in these words:

"That each foreign corporation or association owning or operating a railroad in this state, which does within this state exclusively an interstate commerce business and traffic and which owns, rents or leases or in any manner, acquires terminal facilities, rights or privileges in this state, shall annually on the 1st day of July or within thirty days thereafter, pay to the commonwealth of Kentucky a tax of $2,500.00.  The tax imposed by this section shall be paid into the state treasury, and any railroad company liable for these taxes failing to pay the same within the time prescribed shall be deemed delinquent and a penalty of 10 per cent. shall immediately attach. The Franklin circuit court shall. have jurisdiction to enforce the collection of taxes and penalty imposed by this section."

The defendant has demurred to the petition on the ground that it does not state facts sufficient to constitute a cause of action against it, and the plaintiff has moved to remand the cause to the state court. The demurrer and the motion to remand have both been submitted to the court for determination.

The ground upon which defendant claims that the petition does not state facts sufficient to constitute a cause of action against it is that the statutory provision imposing the tax and penalty sought to be recovered is in violation of section 8 of article 1 of the federal Constitution, because it imposes a tax on interstate commerce.  Plaintiff contends that it is not a violation thereof, because the tax imposed is essentially property taxation, to which taxation there can be no question but

that corporations and persons engaged in interstate commerce are subject, provided the situs of the property sought to be taxed is within that jurisdiction. The defendant urges that it cannot be such taxation, because the tax imposed is an arbitrary sum, without reference to the value of the terminal facilities, rights, or privileges acquired by a corporation coming within its terms, and that it must be considered as a tax on the business of such corporations or on its property, because it is used in interstate commerce, and therefore invalid.

Whilst we have a clear conviction in regard to which of the parties is right in this contention, we do not find it necessary to express our views, inasmuch as we think that this court is without jurisdiction of the cause, and that, therefore, the motion to remand should be sustained. The jurisdiction cannot and is not claimed to be based on the ground of diversity of citizenship, because the party plaintiff is the state of Kentucky, and a state is not a citizen. Arkansas v. Kansas & Texas Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144.

The claim that this court has jurisdiction of the action is based solely upon the provision of section 2 of the jurisdictional acts of 1887 (24 Stat. 553) and 1888 (25 Stat. 434, c. 866 [U. S. Comp. St. 1901, p. 509]), which authorizes the removal of any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, of which the Circuit Courts of the United States are given original jurisdiction by section 1. It is contended by defendant that this action is a suit arising under the Constitution and laws of the United States, of which the Circuit Courts thereof are given original jurisdiction by the said section 1. Undoubtedly it may be said that the plaintiff's petition presents a federal question, to wit, whether said statutory provision is a violation of the commerce clause of the federal Constitution, which can be and is raised by demurrer to the petition; but it does not follow from this that it can also be said that the suit by reason of that fact is one "arising under the Constitution and laws of the United States," within the meaning of those words in the acts of 1887 and 1888. So far as it can be said to arise at all, it arises under the act of the Legislature of Kentucky, and is based solely on it. The state of Kentucky is seeking to enforce no right or benefit conferred upon it or to which it is entitled by virtue of the Constitution or laws of the United States. It certainly could not have brought this action in this court in the first instance, and claimed that it had jurisdiction thereof under section 1 of said acts, because the defendant could claim in defense of the action that the statutory provision in question was in violation of the federal Constitution, and hence the action could not be maintained at all. If this court could not have had original jurisdiction of the action, it cannot obtain jurisdiction thereof upon removal. The following cases support our position: Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Kansas v. Atchison, T. & S. F. Ry. Co. (C. C.) 77 Fed. 339; Shields v. Boardman (C. C.) 98 Fed. 455; Arkansas v. Kansas & Texas Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144.

In the case of Kansas v. Atchison, T. & S. F. Ry. Co., Judge Foster, in referring to the case of Tennessee v. Union & Planters' Bank, the leading authority on the question here considered, said:

"While the court does not say in terms that, to authorize the removal of a cause from a state court to a federal court, it must appear from the plaintiff's complaint that he relies upon some provision of the Constitution, laws, or treaties of the United States, it does decide that he must so far rely or that his claim must so far be predicated upon some provision of the Constitution, law, or treaty of the United States as would authorize him to bring an original action in the Circuit Court. Applying that test to this case, it seems to me it is the end of the controversy in this court, for it cannot be maintained that in this case the plaintiff makes such showing in its petition. I see nothing in this complaint which would entitle the plaintiff to invoke the original jurisdiction of a federal court to enforce the provisions of this act of the Legislature. The facts set forth do not tend to show any claim arising under any act of Congress, the Constitution or treaty of the United States, but rather to foreshadow or anticipate a possible defense to the proceedings by the railroad company growing out of the act of Congress of March 3, 1863, 12 Stat. 772, c. 98. That defense is available to the defendant in the state court, and, being a federal question, can be carried to the Supreme Court of the United States if the right is denied."

And Judge Thayer in the same case said:

"The state of Kansas based its right to relief exclusively on the act of the Legislature of that state which was passed in 1891. It asserted no right, title, privilege, claim, or immunity under the Constitution, laws, or treaties of the United States. The declaration filed by the state does show that, owing to the character of the property involved, the defendant company may, and probably will, interpose a defense to the suit, founded upon the provisions of certain federal statutes, to wit, the act of Congress of March 3, 1863 (12 Stat. 772, c. 98), and article 6 of the federal Constitution; but whether it will assert such defenses or not remains to be seen. These defenses are not yet presented in such form that the judicial power is capable of acting on them, and they may be waived when a plea to the declaration is interposed."

In the case of Shields v. Boardman, Judge Taft said:

"The Union & Planters' Bank Case holds expressly that a petition, though demurrable for a reason found in the federal Constitution, does not state a case arising under the Constitution of the United States within the meaning of the jurisdiction acts, unless it appears in plaintiff's own statement of his claim. It would seem that the plaintiff must claim a right under the federal Constitution or laws, and seek to vindicate it in the action brought, before it becomes subject to the federal Circuit Court jurisdiction."

And in the case of Arkansas v. Kansas & Texas Coal Co., Chief Justice Fuller said:

"But even assuming that the bill showed upon its face that the relief sought would be inconsistent with the power to regulate commerce or with regulations established by Congress or with the fourteenth amendment, as contended, it would only demonstrate that the bill could not be maintained at all, and not that the cause of action arose under the Constitution or laws of the United States."

Moon on Removal of Causes, § 101, lays down the proposition for which we are contending.

The defendant has the right to raise the federal question in the state courts, and if decided adversely to its contention it can carry the case to the Supreme Court of the United States.

The motion to remand is sustained.