## THE DALLES & ROCKLAND FERRY CO. v. HENDRYX.

### (Circuit Court, D. Oregon. July 23, 1911.)

### No. 3,763.

1. REMOVAL OF CAUSES (§ 45*)—GROUNDS—DIVERSITY OF CITIZENSHIP.

A defendant sued in a court of the state of his residence by a foreign corporation has not the right under Judiciary Act (Act March 3, 1875, c. 137, § 2, 18 Stat. 470, as amended March 3, 1887, c. 373, § 1, 24 Stat. 553, and corrected Aug. 18, 1888, c. 866, § 1, 25 Stat. 434 [U. S. Comp. St. 1901, p. 509]), to removal to the federal court on the ground of diversity of citizenship.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 89; Dec. Dig. § 45.*]

2. REMOVAL OF CAUSES (§ 25*)—GROUNDS—FEDERAL QUESTIONS—MANNER OF DISCLOSING.

Under Judiciary Act (Act March 3, 1875, c. 137, 18 Stat. 470, as amended March 3, 1887, c. 373, 24 Stat. 552, and corrected Aug. 18, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), a cause cannot be removed from a state court to a federal court on the ground that a federal question is involved, unless the facts disclosed by plaintiff's statement of his claim show that he asserts a right, title, privilege, or immunity under the federal Constitution or laws or treaties, which he seeks to enforce in the action, and such facts cannot be shown by demurrer or answer, or by petition for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*]

3. REMOVAL OF CAUSES (§ 19*)—GROUNDS—FEDERAL QUESTIONS.

A suit by one operating a ferry across the Columbia river from a point in Oregon to a point in Washington, under a license issued by state authority granting an exclusive ferry right for a fixed period, to restrain another from operating a ferry between the same points without any license from either state, does not involve a federal question though defendant challenges plaintiff's ferry rights on the ground that the same unlawfully interferes with interstate commerce, and the cause is not removable to the federal court on that ground.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 37–46; Dec. Dig. § 19.*]

In Equity. Suit by The Dalles & Rockland Ferry Company against W. T. Hendryx. On motion to remove the cause to the state court. Allowed.

W. H. Wilson, for plaintiff.
George S. Shepherd, for defendant.

BEAN, District Judge. This suit was commenced in a state court by a corporation organized and existing under the laws of the state of Washington against a resident of the state of Oregon, to enjoin and restrain the defendant from operating a ferry across the Columbia river. The plaintiff in its bill alleges that it is maintaining and operating a ferry from The Dalles, in Oregon, to Rockland, in the state of Washington, under and in pursuance of a license issued to it in May, 1911, by the county court of Wasco county, granting to it the exclusive right and privilege so to do for a term of five years and to collect

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and receive tolls therefor; that the defendant, without obtaining a license from the authorities of either the state of Oregon or the state of Washington, is engaged in operating a ferry between the same points in violation of the rights of the plaintiff and to its great damage. The defendant filed a petition and bond for removal to this court on the ground of diversity of citizenship, and that the case involves a federal question arising under the Constitution and laws of the United States— i.e., a question of interstate commerce—and the defendant's right to transport passengers from and between a point in the state of Washington and a point in the state of Oregon. The state court approved the bond and entered the usual order of removal. The plaintiff now moves to remand and the motion will be allowed.

[1] The defendant is a resident of the state, and therefore has not the right of removal on the ground of diversity of citizenship. Section 2, Judiciary Act, as amended March 3, 1887, c. 373, § 1, 24 Stat. 553, and corrected Aug. 18, 1888, c. 866, 25 Stat. 434 (U. S. Comp. St. 1901, p. 509). Unless the suit arises under the Constitution or laws of the United States none but nonresidents have the right of removal. Bates on Fed. Pro. § 795.

[2] Nor was the case properly removed because a federal question is involved. The defendant seems to have proceeded on the theory that it is sufficient that the petition for removal shows that he claims a right under the Constitution or laws of the United States. Such was the construction of the law of 1875 (Hughes on Fed. Pro. 286), but the Acts of 1887 and 1888 made a radical change in this regard and under it "a case (not depending on the citizenship of the parties, nor otherwise specifically provided for) cannot be removed from a state court into the circuit court of the United States, as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings." Chappell v. Waterworth, 155 U. S. 107, 15 Sup. Ct. 34, 36. 39 L. Ed. 85. The jurisdiction of the Circuit Court of the United States on removal from the state court is confined to such suits as might have been brought in the federal court by the plaintiff under the first section of the judiciary act. A case therefore cannot be removed as one arising under the Constitution or laws of the United States unless it might have been brought in this court by the plaintiff. And it is firmly established that to give the court jurisdiction of such a suit it must appear from the plaintiff's own statement of his cause of action that he is claiming some right, title, privilege or immunity by virtue of the Constitution, laws, or treaties of the United States, and which he seeks to enforce in the action. If it does not so appear, it cannot be shown by petition, or demurrer or answer. Bates on Fed. Pro. § 671; Hughes on Fed. Pro. § 202; 4 Fed. St. Ann. 282, and authorities cited; Tenn. v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Minn. v. N. Securities, 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870; Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543; City of Lincoln v. Lincoln St. Ry. Co. (C. C.) 77 Fed. 658; Indiana v. Alle-

ghany Oil Co. (C. C.) 85 Fed. 870; Broadway Ins. v. Chicago G. W. Ry. (C. C.) 101 Fed. 507; Ralya M. Co. v. Armour (C. C.) 102 Fed. 530; Mitchell Eng. & Mch. Co. v. Worthington (C. C.) 140 Fed. 947; Shields v. Boardman (C. C.) 98 Fed. 455.

[3] Now, the plaintiff is not asserting any claim, right, or immunity under the Constitution or laws of the United States. Its cause of action is based wholly upon the laws of the state and the action of the state authorities thereunder. The fact that the defendant may challenge its rights on the ground that the authority attempted to be exercised by the state in licensing a ferry across the Columbia river is in violation of the federal Constitution because it unlawfully interferes with interstate commerce is not a ground of removal to this court as is clearly shown by the authorities cited, and particularly the leading case of Tennessee v. Bank of Commerce, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, in which it was held that a suit by a state to enforce a lien for taxes could not be removed to the federal court although the defense was that the statute under which the suit was brought was void because repugnant to the Constitution of the United States.

It thus appearing that the suit is one of which the federal court cannot properly take cognizance, it is the duty of the court to remand it, whether requested to do so or not. C., B. & Q. R. R. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521 (Supreme Court, April 10, 1911).

The motion allowed.