STATE *v.* LOUISVILLE & NASHVILLE R. CO.

[61 South. 425]

CONSTITUTIONAL LAW. *Rights of foreign corporations. Acts* 1867, *Laws* 1908, *chapter* 122. *Contract. Violation. Removal of causes. Grounds of removal.*

A foreign corporation's rights acquired under the act of 1867 did not constitute such a contract as would be violated by the enforcement of Laws of 1908, chapter 122, providing that a foreign public service corporation, which removes a suit to a Federal

Court, or institutes a suit therein, which it could not maintain if it were a domestic corporation, shall forfeit its right to do intrastate business.

ON SUGGESTION OF ERROR.

REMOVAL OF CAUSES. *Grounds. Diversity of citizenship. Unreasonable interference with interstate commerce.*

Where it is not contended that a suit removed from a state to a Federal court, was one arising under the Constitution and laws of the United States, but that one of the two grounds for removal alleged in the petition therefor, was a defense arising out of such Constitution and laws, to which the petitioner was entitled to the benefit of, to wit: That the order of the railroad commission sought to be enforced was an "unreasonable interference with interstate commerce; the other ground being diversity of citizenship. This allegation in the petition was ineffectual as a ground for removal, for the reason that "a case, not depending on the citizenship of the parties, nor otherwise specially provided for, cannot be removed from a state court into the Circuit Court of the United States, as one arising under the constitutional laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim, and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings.

APPEAL from the chancery court of Harrison county. HON. T. A. WOOD, Chancellor.

Suit by the state, by its attorney-general against the Louisville & Nashville Railroad Company, to enjoin it from engaging further in intrastate commerce within the state, because of its having removed a cause to the United States Circuit Court in violation of Laws 1908, chapter 122. From a judgment for defendant, the state appeals.

The facts are fully stated in the opinion of the court.

*Anderson & Long* and *Clayton, Mitchell & Clayton,* for appellant.

*Green & Green* and *Gregory L. Smith,* for appellee.

No brief of counsel on either side found in the record.

SMITH, C. J., delivered the opinion of the court.

All of the matters presented to us for review by this record were, either expressly or by necessary implication, decided adversely to appellee on the former appeal. 97 Miss. 35, 51 South. 918, 53 South. 454, Ann. Cas. 1912C, 1150. It may be that appellee's right under the act of 1867 were not presented to the court for decision by the record on the former appeal; but, be that as it may, this statute was called to the attention of the court in the briefs of counsel, and was held not to constitute such a contract as would be violated by the granting of the relief prayed for in the bill. Whether this was *dicta* or not, the rule announced is correct, and meets with our approval.

*Reversed and remanded.*

ON SUGGESTION OF ERROR.

Counsel for appellee suggest that in deciding this case we have overlooked two reasons why the judgment of the court below should be affirmed: First, that "there was no violation of the anti-removal statute (chapter 122, Laws of 1908), as interpreted by the opinion, because the suit removed was one arising under the Constitution and laws of the United States, and would have been removable by a domestic corporation;" and, second, "the effect of the decision of the Supreme Court of the United States, in affirming the decree of the United States Circuit Court perpetually enjoining enforcement of the act of 1908, because violative of the federal Constitution."

In this counsel are in error; for both of these propositions were given by us due consideration, and found to be wholly without merit. It is clear, from the argument of counsel in support of their first proposition, that they do not contend that the suit removed was one arising under the Constitution and laws of the United States, but that one of the two grounds for removal alleged in the petition

therefor was a defense arising out of such Constitution
and laws, to which appellee was entitled to the benefit, to
wit: That the order of the Railroad Commission sought
to be enforced was an "unreasonable interference with
interstate commerce;" the other ground being diversity
of citizenship. This allegation in the petition was inef-
fectual as a ground for removal, for the reason that "a
case, not depending on the citizenship of the parties, nor
otherwise specially provided for, cannot be removed from
a state court into the Circuit Court of the United States,
as one arising under the Constitution, laws, or treaties
of the United States, unless that appears by the plaintiff's
statement of his own claim, and that, if it does not so ap-
pear, the want cannot be supplied by any statement in the
petition for removal or in the subsequent pleadings."
*State of Tennessee* v. *Union & Planters' Bank,* 152 U.
S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; *Chappell* v. *Water-
worth,* 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; 4 Fed.
Stat. Ann. 314, and authorities there cited. "But, even
assuming that the bill" filed in the suit removed "showed
upon its face that the relief sought would be inconsistent
with the power to regulate commerce, . . . it would
only demonstrate that the bill could not be maintained
at all, and not that the cause of action arose under the
Constitution or laws of the United States." *State of Ar-
kansas* v. *Kansas & Texas Coal Co.,* 183 U. S. 190, 22
Sup. Ct. 49, 46 L. Ed. 144.

With reference to counsel's second proposition, we will
say that the constitutionality of the statute here drawn in
question seems not to have been submitted to the Supreme
Court of the United States for decision in the case of
*Railroad Commission* v. *L. & N. Railroad Company,* 225
U. S. 272, 32 Sup. Ct. 756, 56 L. Ed. 1087; the only ques-
tion which seems to have been submitted to or decided by
that court in that case being one of jurisdiction, the un-
constitutionality of the statute having been conceded in
the court below.

*Suggestion of error overruled.*