SMITH v. BARNETT et al.

(District Court, W. D. New York. March 21, 1917.)

No. 195-B.

1. REMOVAL OF CAUSES ⬦19(5)—CAUSES ARISING UNDER FEDERAL LAWS.

A suit by the receiver of a railroad company to enjoin defendants from carrying out a conspiracy to injure such company by diverting traffic from its road, etc., was not removable under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1916, § 1010), as a suit arising under the Constitution and laws of the United States, because the bill alleged a contract regarding the routing of traffic, the validity of which might depend upon Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379, as the relief demanded was not dependent upon any right given complainant by the Constitution or laws of the United States, and a federal defense is not a cause for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 41.]

2. REMOVAL OF CAUSES ⬦49(3)—SEPARABLE CONTROVERSY—JOINDER OF PARTIES.

In a suit by the receiver of a railroad company against individual citizens of New York and Pennsylvania corporations to enjoin the carrying out of a conspiracy to injure the railroad company by diverting traffic therefrom, in the absence of any substantial claim of a fraudulent joinder, there was no separable controversy between plaintiff and the Pennsylvania corporations, authorizing a removal under Judicial Code, § 28, where plaintiff had elected to sue the parties jointly, and had charged them with confederating together to injure the railroad company, thereby charging the individual defendants with a liability which they could not escape by relinquishing their office, employment, or agency in the defendant corporations.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 97.]

In Equity. Suit by Frank Sullivan Smith, as receiver of the Pittsburg, Shawmut & Northern Railroad Company and the mortgaged properties of the Shawmut Mining Company and the Kersey Mining Company, against James R. Barnett and others. On motion to remand. Motion granted.

Alton B. Parker, of New York City (Alexander Miller, of New York City, of counsel), for plaintiff.

Moot, Sprague, Brownell & Marcy, of Buffalo, N. Y., for defendants.

HAZEL, District Judge. This action in equity was begun in the Supreme Court of New York to enjoin the defendants from carrying out or continuing a conspiracy to injure the Pittsburg, Shawmut & Northern Railroad Company (hereinafter called the Northern Company) in its transportation business by diverting traffic therefrom and by wrongfully lowering the value of its securities, thus causing irremediable

damage. The defendant corporations are citizens of Pennsylvania, while the individual defendants are citizens and residents of this state. The action was removed to this court, and the plaintiff now moves to remand.

The particular grounds for removal alleged in the petition are, first, that the existence of a federal question relating to an oral contract between the complainant Smith, as receiver, and one Hubbard, now deceased, which eventuated in a contract between said Smith and the defendant corporations by which traffic was to be routed over the line of the Northern Company, is shown on the face of the bill; and, second, that the individual defendants were not necessary parties, although the bill avers participation by them in a conspiracy to break such contract. It is unnecessary to give an outline of the paragraphs of the bill, as its object and purpose will, I think, be understood from what is stated herein. The contention by complainant is that the bill recites facts and circumstances which make the action one in tort and not in contract, and that, as there is no adequate remedy at law, the defendants should be restrained from carrying out and continuing the conspiracy, and, further, that the individual defendants be enjoined from violating the contract particularized in the bill.

[1] 1. The first question is whether the suit is one arising under the Constitution or laws of the United States, and removable on that ground under section 28 of the Judicial Code. Defendants contend that the Interstate Commerce Act substantially regulates the routing of traffic over railroad lines, and that therefor this cause is governed by such statute, with the result that the contract between Smith and Hubbard relating to routing of traffic over the Northern Company was void, as its effect was to deprive shippers of the right to direct the routing of their commodities, and that under the laws of the state of Pennsylvania, which forbid discrimination in transportation, the routing of coal from the mines is controlled by the shipper, and hence that the Pittsburg & Shawmut Railroad Company (hereinafter called the Southern Company) could not lawfully route the traffic over the lines of the Northern Company, as specified in the contract. I am unable to agree with the defendants as to the character of the bill. No federal question is presented by it, and a federal defense has never been considered to be a cause for removal from a state court to a federal court. Whether a statute or law of the United States is involved in an action must be ascertained from the allegations contained in the declaration. It does not appear from the bill that the relief demanded is dependent upon a right given complainant by the Constitution or the laws of the United States.

In Re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873, it was expressly held by the Supreme Court of the United States that, though a defendant in a state court may set up a defense based on federal rights which, if denied, reserves to him the right of review by the former court, yet, unless such rights appear in the declaration, the case is not removable to the District Court of the United States. See, also, Arkansas v. Kansas & Texas Coal Co. and San Francisco Railroad, 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144. Even if the action were brought under state statute, it would not be ground for removal. Ral-

ya Market Co. v. Armour & Co. (C. C.) 102 Fed. 530; Houston & Texas Central R. R. Co. v. Texas, 177 U. S. 66, 20 Sup. Ct. 545, 44 L. Ed. 673.

It is quite likely that the act to regulate commerce and the rights thereunder reserved to an interstate shipper of commodities may have an important bearing on the trial upon the validity of the contract between Smith and Hubbard, but this probability does not constitute a ground of removal because of the presence of a federal question. Murray v. Chicago & N. W. Ry. Co. (C. C.) 62 Fed. 24; The Dalles & R. Ferry Co. v. Hendryx (C. C.) 189 Fed. 266. The rule is succinctly stated by Judge Taft in Shields v. Boardman (C. C.) 98 Fed. 455, wherein he says:

"It would seem that the plaintiff must claim a right under the federal Constitution or laws, and seek to vindicate it in the action brought, before it becomes subject to the federal circuit court jurisdiction."

Such is not the object of the bill under consideration.

[2] 3. Nor have we herein a separable controversy wholly between citizens of different states. By section 28 of the Judicial Code two concurrent conditions of removal are presented, to wit, that the controversy be wholly between parties of different citizenship, and that such controversy be capable of determination between them. The salient features of the bill have been carefully considered, and the conclusion is reached that this action is brought essentially in tort against corporations and individuals named as joint wrongdoers, that plaintiff has elected his remedy to sue jointly, and not separately, and that accordingly, in the absence of a substantial claim of a fraudulent joinder to prevent removal, no separable controversy is herein involved. Ala. Gr. So. R. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. Although it is not absolutely necessary that all the parties confederating and conspiring to injure the plaintiff by their acts should be before the court, still, in view of the election to proceed against the conspirators jointly, the controversy cannot be removed to this court.

Defendants attach importance to Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122, in support of the claim of a separable controversy. There the action was by a stockholder against a foreign corporation and certain of its creditors, to set aside a conveyance because of fraud and conspiracy. The case was removed to the United States Circuit Court, and remand was denied. Upon appeal to the Supreme Court, it was decided that the controversy was separable, as the transfer of properties by the corporation was distinct from the relief demanded by the individual defendants by way of an accounting. But that case is distinguishable, I think, from the case at bar. There the directors were obviously merely nominal parties as to the fraudulent transfer of property by the corporation, and the wrongful acts which they are charged with having committed were corporate acts jointly committed by them in their capacity as directors. The decision seems to have found logical basis in the fact that, if one of the directors were to resign after institution of the suit, he would

cease to be a proper party thereto, as his conspiring was done at the instance of the corporation. The Supreme Court, however, said:

"This would not be the case where he was made a party defendant, jointly with the corporation of which he was an officer, for the purpose of obtaining some specific relief against him on a personal liability.".

So here the bill charges the defendants with confederating together to injure complainant in its business as a common carrier—a charge against all of the defendants jointly for the purpose of holding them liable for their wrongful acts, a liability personal in its nature—and the individual defendants cannot escape responsibility by relinquishing their office, employment, or agency in the defendant corporation with which they are connected. In this sense they are merely nominal parties, but their participation in the asserted wrongful acts is so interwoven as to render it proper that the controversy be decided as a whole. St. L. & S. F. Ry. Co. v. Wilson, 114 U. S. 60, 5 Sup. Ct. 738, 29 L. Ed. 66.

3. This is not an action to enforce specific performance. Although this court is not called upon to determine the question, it is believed to be doubtful whether, in view of the asserted agreement between Smith and Hubbard, and the contract by estoppel with defendant corporations, an action for specific performance is at this time maintainable. The presumption is not entirely inapt that the pleader did not design to enforce specific performance of a contract created by estoppel. The acts to be performed under the contract were by their nature continuous, extending over a period of years, and were not possible of performance by a single defendant. Their performance required co-operation on the part of all the defendant corporations, together with acts by transportation mediums, demanding supervision and services of a peculiar character by individuals, to the end that the business of both the Northern and Southern Companies, the old and the new, should pecuniarily benefit the holders of the securities, as specified in the bill, and until the Shawmut Systems should be combined.

Defendants criticized the bill for indefiniteness and multifariousness, but with this we are not concerned on an application for remand. Some confusion, it is true, has arisen from the nature of the relief demanded by way of specific performance; but, if such relief was demanded, I am persuaded that it was incidental only to the general relief prayed for—a discontinuance of the conspiracy by the injunctive power of the court.

The motion to remand is granted.