**ACME FILL CORP., Plaintiff,**

v.

**William REILLY, Administrator, U.S. Environmental Protection Agency (EPA), a Federal Agency of the Executive Branch; the State of California Department of Health Services Toxic Substances Control Division; Kenneth Kizer, M.D., MPH, Director, State Department of Health Services, Defendants.**

**No. C–89–3070 MHP.**

United States District Court,
N.D. California.

March 28, 1990.

Scott W. Gordon, Titchell, Maltzman, Mark, Bass, Ohleyer & Mishel, San Francisco, Cal., for plaintiff.

Margarita Padilla, Deputy Atty. Gen., Oakland, Cal., for State of Cal. Dept. of Health Services, Kizer.

Kaye A. Allison, Atty., U.S. Dept. of Justice, Environmental Defense Section, Washington, D.C., for defendants.

MEMORANDUM AND ORDER

PATEL, District Judge.

Plaintiff, Acme Fill Corp. ("Acme"), owner and operator of a landfill facility, filed a petition for judicial review of a closure plan approved by defendants, the United States Environmental Protection Agency ("EPA"), and the California Department of Health Services ("CDHS"). Plaintiff alleges that this court has federal question jurisdiction over both defendants. CDHS and Acme are now before the court on CDHS' motion to dismiss. Having considered the submissions of the parties, for the following reasons, the court grants defendant CDHS' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Plaintiff owns and operates a 125 acre landfill facility near Martinez, California. Because a portion of the waste disposed of at Acme's facility was regulated as hazardous, the facility became classified as a hazardous waste facility under both state and federal laws. Federal Resource Conservation and Recovery Act of 1976, as amended, 42 U.S.C. § 6901 et seq. ("RCRA"); Cal. Health and Safety Code § 25100 et seq.; Cal.Code of Regs., Title 22, § 66001 et seq. Plaintiff was required to apply for Interim Status to operate such a facility. 40 C.F.R. § 265; Cal.Health and Safety Code § 25200.5; Cal.Code of Reg., Title 22, Art. 18.

Plaintiff initially filed, and then withdrew, an application for an Interim Status Document to operate a hazardous waste facility.[1] Plaintiff was then required to submit a proposed closure plan for the facility. 40 C.F.R. § 265.110 et seq.; Cal.Admin.Code Title 22, § 67210 et seq. A closure plan provides for the final wind down and closure of a hazardous waste facility. In May 1989, the EPA and CDHS modified and approved the closure plan plaintiff had submitted for its facility. Plaintiff sought and was denied, by both the EPA and CDHS, administrative review of the approved closure plan.

Plaintiff now seeks judicial review of the approved closure plan and the federal and state agencies' respective denials of administrative appeal, pursuant to 5 U.S.C. §§ 701–706.[2]

CDHS moves for dismissal of plaintiff's complaint as to CDHS for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). In the alternative, CDHS moves for plaintiff to amend its complaint to provide a more definite statement under Federal Rule of Civil Procedure 12(e).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. The party seeking to invoke the jurisdiction of a federal court has the burden of demonstrating the existence of subject matter jurisdiction. *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986).

Where a party asserts federal question jurisdiction plaintiff's complaint must assert a claim that "arises under" federal law. 28 U.S.C. §§ 1331, 1337; *United Airlines v. Div. of Indus. Safety,* 633 F.2d 814, 816 (9th Cir.1980), *cert. denied,* 454 U.S. 944, 102 S.Ct. 485, 70 L.Ed.2d 255 (1981). To "arise under" federal law, an essential element of the plaintiff's claim must be a right or immunity created by the Constitution or laws of the United States. *Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). It is not sufficient that plaintiff anticipates a defense based upon federal law. *United Airlines v. Div. of Indus. Safety,* 633 F.2d at 816–17. Nor is it enough that a federal statute may be implicated or subject to interpretation. *See Mobil Oil Corp. v. Coastal Petroleum Co.,* 671 F.2d 419, 422 (11th Cir.), *cert. denied* 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 281 (1982). Furthermore, federal jurisdiction must generally appear in the complaint, unsupported by other pleadings. *Nuclear Eng'g v. Scott,* 660 F.2d 241, 249 (7th Cir.1981) (citing *Arkansas v. Kansas and Texas Coal Co.,* 183 U.S. 185, 188, 22 S.Ct. 47, 48, 46 L.Ed. 144 (1901)).

---

1. Many of the actions of the parties early in this case were undertaken pursuant to a Consent Order entered into between plaintiff and CDHS. *See* Complaint Ex. 1, Attachment 1.

2. 5 U.S.C. §§ 701–706 is also known as the "Administrative Procedure Act." Plaintiff cites in its complaint 5 U.S.C. § 702, which states in pertinent part, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Plaintiff also cites 5 U.S.C. § 703, which provides for the form and venue of the judicial review proceeding.

Also relevant to plaintiff's claims is 5 U.S.C. § 706 is which states in pertinent part, "[t]he reviewing court shall—(2) hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. § 706.

## DISCUSSION

Lacking diversity of citizenship with CDHS, plaintiff here must show that there is federal question jurisdiction under 28 U.S.C. §§ 1331, 1337, and the controversy with respect to federal law "must be disclosed upon the face of the complaint." *Gully v. First Nat'l Bank*, 299 U.S. at 113, 57 S.Ct. at 98. Plaintiff, in its complaint, invokes the jurisdiction of this court "pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 702, 703." Complaint para. 2. Federal question jurisdiction cannot be supported as to CDHS by this generic reference to the jurisdictional statute and to the Administrative Procedure Act. The latter, codified at 5 U.S.C. §§ 701–706, governs judicial review procedures of federal agencies, which CDHS clearly is not.[3]

Plaintiff argues that the EPA and CDHS agreed to jointly administer the closure plan approval process. Plaintiff then contends that this joint administration constitutes "agency action" under the Administrative Procedure Act, and thus all related actions are reviewable in federal court. Plaintiff bolsters this argument by noting that CDHS applies federal law and regulations.

Plaintiff also argues federal jurisdiction exists because CDHS was acting as an express agent of the EPA. Finally, plaintiff contends that a "legislatively created relationship" exists between the federal government and California regarding state implementation of the RCRA. Plaintiff provides absolutely no legal authority for any of these propositions.

Plaintiff also attempts to bring CDHS within the scope of the federal statutes by repeatedly alleging "joint action" between the EPA and CDHS. Plaintiff does not provide authority for the proposition that federal jurisdiction exists over a state agency which actively participates with a federal agency. In the event that such authority does exist, plaintiff's own summary of such alleged "joint action" in this case falls short of even a common sense definition of such action. Plaintiff asserts that "federal subject matter jurisdiction exists over the actions of the State Defendants with respect to the State's role in processing, evaluating and approving Plaintiff's Closure plan, applying federal laws and standards on behalf of and in conjunction with EPA." Plaintiff's Opp. at 9.

However, CDHS clearly has independent jurisdiction over plaintiff's facility and operations. This is provided for in the first instance by 42 U.S.C. §§ 6926 and 6929 which provide federal authorization for states to administer and enforce hazardous waste programs so long as the rules respecting operation of those programs are not less stringent than and are compatible with the federal regulatory scheme. The California Legislature adopted the standards of the EPA and authorized the state agency to adopt standards consistent with the federal standards as far as practicable but allowed for more stringent and extensive ones as well. Cal.Health and Safety Code § 25159.5. The language of these statutes cannot be construed to make the EPA and CDHS partners or joint actors in the administration of hazardous waste facilities. Section 25159 even more clearly provides authorization for the state to administer a hazardous waste program *in lieu of* a federal program.

For similar reasons, CDHS cannot be considered an agent of the EPA. Furthermore, plaintiff fails to demonstrate how, even if such a relationship did exist, it would suffice to bring CDHS within the jurisdiction of the federal courts.

There is no authority for plaintiff's "joint action" theory. While not factually analogous, a few cases have discussed and dismissed arguments which claim federal jurisdiction exists where state law incorporates federal law. These cases have found that such incorporation fails to amount to the "arising under" standard necessary for federal question jurisdiction. *See, e.g., United Air Lines v. Div. of Indus. Safety*, 633 F.2d at 816 (Cal.Labor Code deferred to

---

**3.** Furthermore, the Administrative Procedure Act does not provide an independent source of jurisdiction in the federal courts. *California v.*

*Sanders*, 430 U.S. 99, 103–08, 97 S.Ct. 980, 983–86, 51 L.Ed.2d 192 (1977).

**356**

health and safety jurisdiction of any federal agency; court held that whether FAA had authority over the case, and thus preempted California law, was tangential to the claim and did not provide federal jurisdiction); *Buethe v. Britt Airlines,* 749 F.2d 1235, 1239 (7th Cir.1984) (although plaintiff with state wrongful termination claim may have needed to prove a federal duty was involved in order to prevail, and thus the court would need to decide issues of federal law, court concluded that "a claim does not arise under federal law merely because a state law incorporates federal law by reference"); *Guesnon v. McHenry,* 539 F.2d 1075, 1077 (5th Cir.1976) (district court did not have jurisdiction to grant relief based on local housing authority's violation of HUD regulation).

Although no court has addressed this issue squarely, the decision here is consistent with the rationale of *City of Philadelphia v. New Jersey,* 437 U.S. 617, 620 n. 4, 98 S.Ct. 2531, 2533 n. 4, 57 L.Ed.2d 475 (1978) where, quoting from 42 U.S.C. § 6901(a)(4), the court noted that despite the adoption of RCRA, the disposition of hazardous waste continued to be primarily a function of state, regional and local agencies. In summary, the mere fact that federal law allows assistance to parallel state agencies does not automatically confer federal jurisdiction over these agencies. Federal jurisdiction is limited and there must be an express grant of it before it may be conferred. There is no such grant here.

CONCLUSION

For the foregoing reasons, defendant CDHS' motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED. Accordingly, this court need not address defendant's 12(b)(6) motion to dismiss for failure to state a claim or 12(e) motion for a more specific statement.

IT IS SO ORDERED.